**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000662**
**11-MAY-2026**
**07:54 AM**
**Dkt. 53 SO**

NO. CAAP-24-0000662


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARTIN S. GOUR, Claimant/Appellant-Appellant,
v.
THE PEPSI BOTTLING GROUP, Employer/Appellee-Appellee,
and
SEDGWICK CMS HAWAII, Insurance Carrier/Appellee-Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2019-170(H); DCD NO. 1-12-00430)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Self-represented Claimant/Appellant-Appellant Martin

S. Gour (**Gour**) appeals from the Labor and Industrial Relations

Appeals Board's (**LIRAB**) "Decision and Order" (**Order**) filed on

October 2, 2024.

Upon careful review of the record, briefs, and

relevant legal authorities, and having given due consideration

to the arguments advanced and the issues raised by the parties, we affirm the Order.

Gour's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). Among other things, the opening brief does not set forth the points of error being raised on appeal. Nevertheless, "a pro se litigant's failure to state the alleged errors of the lower court in precise compliance with HRAP Rule 28(b) . . . will not foreclose consideration of the appeal, so long as the litigant's argument can reasonably be discerned." Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020) (cleaned up). Here, it appears that Gour challenges the LIRAB's conclusion that his workers' compensation benefits "should remain suspended, pursuant to [Hawaii Revised Statutes (**HRS**) §] 386-79 [(2015)]."

Our review of the LIRAB's Order is governed by HRS § 91-14(g) (Supp. 2016), which provides,

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1) In violation of constitutional or statutory provisions;
> >
> > (2) In excess of the statutory authority or jurisdiction of the agency;
> >
> > (3) Made upon unlawful procedure;
> >
> > (4) Affected by other error of law;

2

> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

See also Tam v. Kaiser Permanente, 94 Hawaiʻi 487, 494, 17 P.3d 219, 226 (2001).

> Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects are reviewable under subsection (3); [findings of fact] are reviewable under subsection (5); and an agency's exercise of discretion is reviewable under subsection (6).

Paul v. Dep't. of Transp., 115 Hawaiʻi 416, 426, 168 P.3d 546, 556 (2007) (citations omitted).

This matter arises from Gour's July 2012 work injury.[1] Employer/Appellee-Appellee The Pepsi Bottling Group (**Employer**) accepted liability for Gour's injury. In December 2018, Employer requested that the Director of Labor and Industrial Relations (**Director**) issue an order compelling Gour to attend an independent medical examination (**IME**) that was scheduled for March 9, 2019 with Dr. Leonard Cupo (**Dr. Cupo**) in Hilo, Hawaiʻi. The Director ordered Gour to attend the scheduled IME.

In a January 30, 2019 letter to the Director, Gour objected to the IME on the ground that he would not be able to attend the IME due to "work" and "prior obligations." Gour did

---

[1] The LIRAB findings of fact discussed herein are unchallenged on appeal and are therefore binding on this court. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

not object to the IME prior to the Director's issuance of the December 28, 2018 order and failed to appear for the March 2019 IME with Dr. Cupo.

In April 2019, Employer requested a hearing with the Department of Labor and Industrial Relations Disability Compensation Division (**DCD**) on the matter of Gour's no-show to the IME. A hearing was calendared for June 3, 2019. The Notice of Hearing informed the parties that the issue of suspension of Gour's benefits and other issues as appropriate would be discussed at the hearing. Gour advised the DCD that he would not attend the June 2019 hearing due to a work conflict, and did not appear at the hearing.

The Director issued its supplemental decision, which suspended Gour's compensation, and assessed Gour $250 to be applied towards the cost of his no-show fee to the IME.[2] Gour appealed to the LIRAB.

While the LIRAB appeal was pending, Employer made additional attempts to schedule an IME for Gour. Employer scheduled a March 26, 2020 IME for Gour with Dr. Jon Streltzer (**Dr. Streltzer**). Gour objected on the basis that Dr. Streltzer was a "psychiatrist, not a MD," and that Dr. Streltzer

---

[2] Gour does not challenge the $250 no-show fee assessment on appeal. "Points not argued may be deemed waived." HRAP Rule 28(b)(7).

"specializes [in] addiction to opioid pain medications" and "[Gour] does not use anything but over the counter pain relievers."

By a letter dated February 26, 2020, Gour demanded that Employer agree to the following should it "continue to request" Gour's submission to an IME: reimbursement of "$350.00 in lost wages per day"; "[t]ravel arrangements for [Gour], and his attendant, should it be in Oahu, ([Gour] will pay for his attendants trip)"; "any other reimbursements"; and "a mutual agreed choice of requested IME doctor."  In an email on January 19, 2021, Employer asked Gour if any of the doctors he identified would travel to Hilo.  It appears that Gour did not respond to Employer, but Employer's February 17, 2021 follow-up email to Gour indicated that the doctors either did not travel to Hilo or would not consider a review of Gour's work injury claim.

The matter went to trial, and the LIRAB heard Gour's testimony.  The LIRAB found that Gour had not complied with the Director's December 28, 2018 order directing Gour to attend an IME, and suspended Gour's benefits effective March 9, 2019.  The LIRAB determined, in its "Analysis/Discussion," that,

> [Gour's] failure to submit to the examination presented an obstacle, hindered completion of the examination, and showed an unwillingness to attend the examination, thereby not allowing the examination to proceed.

5

Despite attempts to reschedule the IME with a mutually agreeable physician, the record is devoid of evidence that [Gour] eventually complied with the Director's December 28, 2018 Order requiring him to submit to an IME prior to the date of the trial in this matter.

Gour appealed to this court.

We conclude that the LIRAB's decision was not in violation of any statutory provision, nor was it in excess of statutory authority. HRS § 386-79(a) directs that "the employee, whenever ordered by the [Director], shall submit to examination . . . by a duly qualified physician." Where the "employee refuses to submit to . . . such examination, the employee's right to claim compensation for the work injury shall be suspended until the refusal or obstruction ceases and no compensation shall be payable for the period during which the refusal or obstruction continues." Id.

We further conclude that the LIRAB's decision was not "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record." See HRS § 91-14(g)(5). Gour objected to all attempts by Employer to schedule an IME. He was a no-show for his scheduled March 2019 IME with Dr. Cupo, and he refused to submit to an IME with Dr. Streltzer. The record reflects that Gour has not complied with the Director's December 28, 2018 order requiring him to submit to an IME.

For the foregoing reasons, we affirm the LIRAB's Order.

DATED: Honolulu, Hawaiʻi, May 11, 2026.

On the briefs:

Martin S. Gour,
Self-represented
Claimant/Appellant-Appellant.

Brian G.S. Choy,
for Employer/Appellee-
Appellee and Insurance
Carrier/Appellee-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge